**Juan Carlos AGUIRRE PINEDA; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72753.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

Gary Silbiger, Esq., Silbiger & Honig, Los Angeles, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Anthony W. Norwood, Esq.,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Juan Carlos Aguirre Pineda and Graciela Velazquez Tejeda, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review petitioners' due process challenges de novo, *Munoz v. Ashcroft*, 339 F.3d 950, 955 (9th Cir.2003), and we deny the petition for review.

We conclude that petitioners' counsel did not provide ineffective assistance by withdrawing petitioners' application for asylum in favor of an application for cancellation of removal. *See id.* (explaining that counsel's withdrawal of an application was not deficient or prejudicial where applicant failed to demonstrate eligibility for form of relief). Likewise, counsel's admission of the allegations in the notice to appear was neither deficient, nor prejudicial. *See Magallanes–Damian v. INS*, 783 F.2d 931, 934 (9th Cir.1986).

We also conclude that the IJ did not deny petitioners due process by failing to advise them of their right to obtain counsel and apply for various forms of relief because petitioners appeared before the immigration court with counsel, applied for both asylum and cancellation of removal, and failed to identify any other forms of relief they would have sought had the IJ

---

** This disposition is not appropriate for publication and may not be cited to or by the

advised them of their rights. *See Jacinto v. INS*, 208 F.3d 725, 727–28 (9th Cir.2000) (requiring a showing of prejudice to establish a due process violation).

Petitioners' constitutional challenge to the BIA's streamlining regulations is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003). We need not consider separately whether the BIA erred by streamlining petitioners' case because we conclude that substantial evidence supports the IJ's denial of petitioners' application for relief. *See Garcia–Martinez v. Ashcroft*, No. 02–74068, 2004 WL 1301918, at *10 (9th Cir. June 14, 2004) (explaining that the merits determination and decision to streamline collapse into one another).

Petitioners' motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**